BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2799

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 4040 TIN RANCH ROAD, GEORGETOWN, CALIFORNIA, EL DORADO COUNTY, APN: 062-030-31-100, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:10-CV-03383-GEB-CMK<br><br>**STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER [PROPOSED]**<br><br>DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |

　　　The United States and claimant Patricia Albright, by and through their respective counsel, and claimant Albert G. Stoll, appearing *in propria persona*, hereby stipulate that a further stay is necessary in the above-entitled action, and request that the Court enter an order staying further proceedings for six months pending the outcome of a related criminal case against claimant Patricia Albright, Case No. 2:11-CR-00226-GEB.

　　　1.　Claimant Patricia Albright filed a Verified Statement of Interest to the defendant real property on January 18, 2011,

and filed a Corrected Answer to the complaint on January 28, 2011.  Claimant Albert G. Stoll filed a Verified Claim to the defendant real property regarding his lien holder interest on February 8, 2011, and filed an Answer to the complaint on February 16, 2011.

 2.  On March 15, 2011, this case was stayed for six months based on the on-going criminal investigation against Ms. Albright.[1]  On September 19, 2011, this case was stayed for six months pending the outcome of the related criminal case against claimant Patricia Albright, Case No. 2:11-CR-00226-GEB.  This Stipulation represents the third proposed stay of forfeiture proceedings against the related real property.

 3.  The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  The United States contends that the defendant real property was used to facilitate and constitutes proceeds traceable to a violation of federal drug laws (cultivation of marijuana) and is therefore subject to forfeiture to the United States.  In addition, the United States contends that the defendant real property was involved in or traceable to a violation of 31 U.S.C. § 5324(a)(3) (structuring).  Claimant Patricia Albright denies these allegations.

 4.  The United States intends to depose claimant Patricia Albright regarding her claim to the defendant real property, the facts surrounding the cultivation of marijuana plants on this property, and the financial transactions involved in the purchase of the defendant real property.  If discovery proceeds at this

---

[1] On May 19, 2011, a criminal indictment was filed against Patricia Albright in Case No. 2:11-CR-00226-GEB.

time, claimant Patricia Albright will be placed in the difficult position of either invoking her Fifth Amendment rights against self-incrimination which could interfere with her ability to pursue her claim to the defendant real property, or waiving her Fifth Amendment right and submitting to a deposition and potentially incriminating herself.  If she invokes her Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim she filed with this court.

    5.   In addition, claimant Patricia Albright intends to depose the law enforcement agents involved in this investigation. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

    6.   The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimant Patricia Albright's ability to prove her claim to the defendant real property and assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for six months.  At that time the parties will advise the court of the status of the criminal case and will advise the court whether a further stay is necessary.

    7.   While this case is stayed claimant Patricia Albright agrees to keep current all payments due to Albert G. Stoll under the promissory note dated May 6, 2008, in the original principal amount of $34,000.00, and secured by the deed of trust recorded in El Dorado County on May 9, 2008, encumbering the defendant

real property.  A Transfer and Assignment of Deed of Trust and Assignment of Rents was recorded in El Dorado County on July 17, 2008, transferring and assigning the note and Deed of Trust for the defendant real property to claimant Albert G. Stoll.

Dated: 3/14/12              BENJAMIN B. WAGNER
                            United States Attorney

                       By:  /s/ Kevin C. Khasigian
                            KEVIN C. KHASIGIAN
                            Assistant U.S. Attorney


Dated: 3/8/12               /s/ Timothy Zindel
                            TIMOTHY ZINDEL
                            Attorney for claimant
                            Patricia Albright


Dated: 3/14/12              /s/ Albert G. Stoll
                            ALBERT G. STOLL
                            Claimant appearing *in propria persona*

                            (Signatures retained by attorney)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) for six months. On or before September 14, 2012, the parties will advise the court whether a further stay is necessary.

The pretrial scheduling conference, currently scheduled for April 9, 2012, is rescheduled for October 1, 2012, at 9:00 a.m. A joint status report shall be filed fourteen days prior to the hearing.

IT IS SO ORDERED.

Dated:  March 16, 2012

GARLAND E. BURRELL, JR.
United States District Judge